# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

KEITH MASSEY,             )
                                 )
             Petitioner,     )     No. 04-0689-CV-DW
v.                             )     (No. 03-0295-01-CR-DW)
                                 )
UNITED STATES OF AMERICA,   )
                                 )
             Respondent.   )

## ORDER

Before the Court is Petitioner Keith Massey's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) In the motion, Petitioner challenges his conviction and sentence in view of the United States Supreme Court's decisions in Booker v. United States, ___ U.S. ___, 125 S. Ct. 738 (2005) and Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004). Petitioner claims that the rulings in these cases entitle him to relief.

For a new rule to be retroactive to cases on collateral review under § 2255, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63 (2001). "When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding." In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). The Supreme Court has not made the Booker or Blakely rulings retroactive. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (Booker not retroactive); United States v. Pine, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely not retroactive). Petitioner therefore is not entitled to relief.

For the foregoing reasons, the § 2255 petition for habeas relief is denied. The Court further finds that Petitioner has failed to make a substantial showing that he has been denied constitutional

rights. <u>Garrett v. United States</u>, 211 F.3d 1075, 1076-77 (8th Cir. 2000).  Accordingly, he is denied

a certificate of appealability.

      IT IS SO ORDERED.

         /s/ DEAN WHIPPLE   
Dean Whipple
United States District Court

Date:   May 4, 2005